UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| BRANDON CHASE SUMMEY, | ) | |
|---|---|---|
| | ) | Case Nos. 1:21-cv-207; 1:19-cr-68 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's motion to vacate his sentence under 28 U.S.C. § 2255 (Doc. 1 in Case No. 1:21-cv-207; Doc. 56 in Case No. 1:19-cr-68). Also before the Court is Petitioner's motion for extension of time to file his 28 U.S.C. § 2255 petition, which the Court construes as a motion for it to consider the attached documents.[1] (Doc. 2 in Case No. 1:21-cv-207). For good cause shown, the Court **GRANTS** Petitioner's motion for extension (*id.*) and deems the attached documents **FILED**. For the following reasons, the Court concludes that an evidentiary hearing is unnecessary and will **DENY** Petitioner's § 2255 motion (Doc. 1 in Case No. 1:21-cv-207; Doc. 56 in Case No. 1:19-cr-68).

I. BACKGROUND

On September 14, 2020, this Court sentenced Petitioner to ninety-months imprisonment and a term of five years of supervised release pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). (Docs. 30, 54 in Case No. 1:19-cr-68.) Petitioner pled guilty to

---

[1] The attached documents consist of a more thorough argument supporting Petitioner's claims as well as affidavits from Petitioner and his mother.

three counts of the fifteen-count indictment against him: (1) knowing possession of a stolen firearm, in violation of 18 U.S.C. § 922(j); (2) possession with the intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D); and (3) possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (*Id.* at 1–3.) Petitioner did not appeal his sentence. (Doc. 1, at 2 in Case No. 1:21-cv-207; Doc. 56, at 2 in Case No. 1:19-cr-68.) On September 8, 2021, Petitioner timely filed the instant motion (Doc. 1 in Case No. 1:21-cv-207; Doc. 56 in Case No. 1:19-cr-68), and the motion is now ripe for the Court's review.

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v.*

*United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted).  While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Id*.  When a petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing.  *Id*.

### III.  ANALYSIS

Petitioner raises four arguments in support of his motion to vacate:  (1) actual innocence; (2) ineffective assistance of counsel; (3) that the United States lacked standing to prosecute him; and (4) that the Court lacked subject-matter jurisdiction over his prosecution.  (Doc. 1, at 4–8 in Case No. 1:21-cv-207; Doc. 56, at 4–8 in Case No. 1:19-cr-68.)

As a threshold matter, issues not raised on appeal—other than ineffective assistance of counsel—are procedurally defaulted and "may not be raised on collateral review unless the petitioner shows cause and prejudice."  *Massaro v. United States*, 538 U.S. 500, 504–05 (2003).  Petitioner did not appeal his conviction and, thus, did not raise any of the now-claimed issues on appeal.  *See id.*; (Doc. 1, at 2 in Case No. 1:21-cv-207; Doc. 56, at 2 in Case No. 1:19-cr-68.) Therefore, all of Petitioner's claims except his claim for ineffective assistance of counsel are procedurally defaulted.  Nonetheless, the Court will address each claim.

A court may excuse a procedural default and consider a claim on its merits if a petitioner can make a threshold showing that he was "actually innocent," *Smith v. Murray*, 477 U.S. 527, 537 (1986)—*i.e.*, that it was "more likely than not that no reasonable juror would have convicted

him" had the jury been properly instructed and the parties been given the opportunity to present the relevant evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Because Petitioner claims actual innocence as a ground to vacate his sentence, the Court will discuss this issue below.

A. **Actual Innocence**

Petitioner first argues actual innocence. (Doc. 1, at 4 in Case No. 1:21-cv-207; Doc. 56, at 4 in Case No. 1:19-cr-68.) He argues that he: "did not knowingly possess a firearm which has been shipped or transported in interstate or foreign commerce"; did not "knowingly or having reasonable cause to believe that the firearm or ammunition was stolen"; did not "knowingly or intentionally manufacture, distribute, dispense or possess with intent to manufacture, distribute or dispense a controlled substance"; and did not "knowingly possess a firearm in furtherance of the drug trafficking crime." (Doc. 1, at 4 in Case No. 1:21-cv-207; Doc. 56, at 4 in Case No. 1:19-cr-68.)

However, these statements directly contradict statements Petitioner gave under oath. "The Sixth Circuit [has] held that where the trial court has scrupulously followed the required procedure, 'the defendant is bound by his statements in response to that court's inquiry.'" *Flowers v. Trierweiler*, No. 1:18-cv-787, 2018 WL 3846282, at *9 (W.D. Mich. Aug. 13, 2018) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). When collaterally attacking a guilty plea, a prisoner "may not ordinarily repudiate statements made to the sentencing judge when the plea was entered." *Blackledge v. Allison*, 431 U.S. 63, 74 (1997) (internal quotations omitted).

In his plea agreement, Petitioner stipulated that he "knowingly possessed a stolen firearm" that "had been transported in interstate commerce," that he "possessed marijuana with the intent to distribute it," and that "he knowingly possessed a firearm in furtherance of that drug

trafficking crime." (Doc. 30, at 3 in Case No. 1:19-cr-68.) He also acknowledged the elements of the offenses to which he pled guilty and agreed that he pled guilty to those elements because he "was in fact guilty." (*Id.* at 2.) He confirmed these statements at his change-of-plea hearing. (Doc. 57, at 19 in Case No. 1:19-cr-68.) Therefore, Petitioner's motion can only succeed if he committed perjury at the plea proceedings, and such a motion "may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *United States v. Owenby*, No. 2:12-cr-118, 2017 WL 951698, at *6 (E.D. Tenn. Mar. 9, 2017) (quoting *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005)). Petitioner offers no reason for the contradiction here. (Doc. 1, at 4 in Case No. 1:21-cv-207; Doc. 56, at 4 in Case No. 1:19-cr-68.)

Petitioner also argues that he is not a "person" as defined by 18 U.S.C. § 921(a)(1). (Doc. 1, at 4 in Case No. 1:21-cv-207; Doc. 56, at 4 in Case No. 1:19-cr-68.) But a "person" under 18 U.S.C. § 921(a)(1) includes "any individual," and Petitioner is undoubtably an individual. Next, Petitioner argues that he has never been convicted of a felony. (Doc. 1, at 4 in Case No. 1:21-cv-207; Doc. 56, at 4 in Case No. 1:19-cr-68.) This is irrelevant to whether Petitioner is innocent, because a prior felony conviction is not an element of any of the offenses to which Petitioner pled guilty. *See* 18 U.S.C. § 922(j); 21 U.S.C. § 841(a)(1), (b)(1)(D); 18 U.S.C. § 924(c)(1)(A)(i).

Lastly, there is no evidence to support a finding that Petitioner only pled guilty "under threat, duress, and coercion by the court appointed attorney who said [he] could be sentenced to life in prison if found guilty." (Doc. 1, at 4 in Case No. 1:21-cv-207; Doc. 56, at 4 in Case No. 1:19-cr-68.) Petitioner's attorney was correct; the maximum penalty for a conviction for possession of a firearm in furtherance of a drug-trafficking crime is life in prison. 18 U.S.C. § 924(c)(1)(A)(i). "The decision to plead guilty—first, last, and always—rests with the defendant,

5

not his lawyer" and "[a]lthough the attorney may provide an opinion on the strength of the government's case, the likelihood of a successful defense, and the wisdom of a chosen course of action, the ultimate decision of whether to go to trial must be made" by the defendant. *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2002). Petitioner decided to plead guilty and, having done so, cannot now walk back his statement that he offered such a plea on his "own free will" and that no one has "attempted in any way to force [him] to plead guilty or otherwise threatened [him] to make [him] plead guilty." (Doc. 57, at 11 in Case No. 1:19-cr-68.)

Accordingly, Petitioner has failed to establish evidence that contradicts his prior statements that he committed the offenses. Therefore, this ground cannot vacate his sentence. And he cannot overcome procedural default of all his claims except ineffective assistance of counsel.

### B. Ineffective Assistance of Counsel

Petitioner also raises ineffective assistance of counsel as a ground to vacate his sentence. (Doc. 1, at 5 in Case No. 1:21-cv-207; Doc. 56, at 5 in Case No. 1:19-cr-68.) The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This includes the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims for ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

6

Case 1:21-cv-00207-TRM-CHS   Document 9   Filed 09/25/23   Page 6 of 10   PageID #: 58

*Strickland*, 466 U.S. at 687. A petitioner has the burden of proving that his counsel provided ineffective assistance. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A party asserting an ineffective-assistance-of-counsel claim must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires a claimant to show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

The Supreme Court has emphasized that a claimant must establish both prongs of a claim for ineffective assistance of counsel to meet her burden, and, if either prong is not satisfied, the claim must be rejected. *Id.* at 69. Moreover, a habeas petitioner alleging ineffective assistance of counsel bears a heavy burden, given the "doubly deferential" review of a such a claim under § 2254(d)(1). *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

In this case, Petitioner claims that his attorney did not advise him of the elements of the charges he pled guilty to or the definitions specific to the applicable statutes. (Doc. 1, at 5 in Case No. 1:21-cv-207; Doc. 56, at 5 in Case No. 1:19-cr-68.) Again, Petitioner's sworn statements contradict the claim; at his change-of-plea hearing, he stated that he had read the

7
Case 1:21-cv-00207-TRM-CHS   Document 9   Filed 09/25/23   Page 7 of 10   PageID #: 59

indictment against him, that he discussed the case with his attorney, and that he was satisfied with his attorney's representation. (Doc. 57, at 4 in Case No. 1:19-cr-68.) Even so, Magistrate Judge Christopher H. Steger explained the elements of the charges to Petitioner, and Petitioner stated that he understood the charges. (*Id.* at 11–14.) Because a proper plea colloquy "cure[s] any misunderstanding [a defendant] may have had about the consequences of his plea," Petitioner fails to satisfy either prong of *Strickland*. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999) (citations omitted).

Petitioner also claims that his attorney "placed him in a state of fear and duress," which "coerced him into pleading guilty," because she told him that he could be sentenced to life in prison if he were convicted at trial. (Doc. 1, at 5 in Case No. 1:21-cv-207; Doc. 56, at 5 in Case No. 1:19-cr-68.) Such advice is reasonable because it is accurate. A conviction for possession of a firearm in furtherance of a drug-trafficking crime carries a maximum penalty of life in prison. 18 U.S.C. § 924(c)(1)(A)(i). In fact, it could constitute ineffective assistance of counsel if his counsel had not advised Petitioner of the maximum penalty. *Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003) ("The failure of defense counsel to 'provide professional guidance to a defendant regarding his sentence exposure prior to a plea may constitute deficient assistance.'") (quoting *Moss v. United States*, 323 F.3d 445, 474 (6th Cir. 2003)). Therefore, this argument fails to satisfy either prong of *Strickland*.

Finally, Petitioner claims that his attorney "refused to present his defense of actual innocen[ce]," "refused to object to false testimony by the ATF agent," "refused to object to . . . the manipulation of the actual weight of the alleged substance containing marijuana," and "refused to advance the evidence of an ongoing conspiracy by the officer who was trying to entrap [Petitioner]." (Doc. 1, at 5 in Case No. 1:21-cv-207; Doc. 56, at 5 in Case No. 1:19-cr-

68.) This again contradicts Petitioner's sworn statement at his change-of-plea hearing that he was satisfied with his attorney's representation. (Doc. 57, at 4 in Case No. 1:19-cr-68.) And, because the "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal," Petitioner again fails to satisfy either prong of *Strickland*. *Blackledge*, 431 U.S. at 74 (citations omitted).

### C. Whether the Government Lacked Standing and Whether the Court Lacked Jurisdiction

Finally, Petitioner raises two similar challenges: (1) that the Government lacked standing to prosecute him and (2) that the Court lacked subject-matter jurisdiction over his prosecution. (Doc. 1, at 7–8 in Case No. 1:21-cv-207; Doc. 56, at 7–8 in Case No. 1:19-cr-68.) He bases these arguments on the Commerce Clause and the Jay Treaty of 1974. (*Id.*) As discussed above, this claim is procedurally defaulted. *See supra* III. Nonetheless, the Court will address this claim.

With respect to standing, "Article I, Section 8 of the United States Constitution grants Congress the power to create, define, and punish crimes." *United States v. Russell*, 30 F. App'x 348, 351–52 (6th Cir. 2002). Although Petitioner argues that Congressional regulation of commerce violates the Jay Treaty and that he is "not subject to the Commerce Clause" (Doc. 1, at 4, 7 in Case No. 1:21-cv-207; Doc. 56, at 4, 7 in Case No. 1:19-cr-68), drug-trafficking is "an activity that the federal government clearly may regulate." *United States v. Fonseca*, 193 F. App'x 483, 492 (6th Cir. 2006) (internal quotations omitted). Likewise, "Section 924(c) is based on the underlying offense of drug trafficking," and "Congress is permitted to regulate drug trafficking and related crimes that occur solely intrastate under the Commerce Clause." *United States v. Winston*, 55 F. App'x 389, 302 (6th Cir. 2003) (internal citation omitted). Finally, 18 U.S.C. § 922(j) is a valid exercise of Congressional power because it requires proof that the

firearm has been shipped or transported in, or is otherwise part of, interstate or foreign commerce. *See United States v. White*, 582 F. Supp. 3d 525, 540 (E.D. Mich. 2022) (collecting cases upholding 922(j) as a valid exercise of Congress's Commerce Clause powers). Therefore, the Government possessed standing to prosecute Petitioner.

With respect to jurisdiction, "[t]he district courts of the United States . . . have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States," such as the federal criminal statutes Petitioner was charged under. 18 U.S.C. § 3231. And "[f]ederal courts have personal jurisdiction over criminal defendants before them." *Pryor*, 842 F.3d at 448. Therefore, Petitioner's challenges to the Court's jurisdiction fail.

## IV. CONCLUSION

For the reasons stated herein, the Court concludes that an evidentiary hearing is unnecessary, and Petitioner's § 2255 motion (Doc. 1 in Case No. 1:21-cv-207; Doc. 56 in Case No. 1:19-cr-68) is **DENIED**. Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is hereby **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right or "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court [is] correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**